IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MELANDI HANLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:24-CV-1197-D |
| | § | |
| THE KROGER CO., et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action alleging employment discrimination and retaliation claims, plaintiff Melandi Hanley ("Hanley") moves to extend the time period to conduct discovery and for a protective order and discovery sanctions and for a stay. Defendants The Kroger Co. and Kroger Loyalty Fulfillment Center oppose the motions. For the reasons that follow, the court amends the scheduling order to extend the discovery deadline to June 2, 2025, and orders a forensic examination of the cell phones of defense witnesses Anna Rivas ("Rivas") and Robert Young ("Young"), but otherwise denies the motions.

I

Hanley's motions arise from a discovery dispute involving her request for the production of communications about her. Hanley's state-court original complaint asserts employment discrimination claims under Chapter 21 of the Texas Labor Code based on alleged sex- and race-based harassment by her supervisor (Rivas) and a male coworker (Young).

During discovery, Hanley requested that defendants produce "[a]ll documents concerning, communications about, and communications to and/or from [Rivas and Young], including all text messages, where [Hanley] is mentioned." P. App. (ECF No. 16-2) at 9. During their January 2025 depositions, however, Rivas and Young equivocated about whether defendants' counsel had ever instructed them to locate and produce their communications concerning Hanley. Initially, in response to questioning by Hanley's counsel, Young and Rivas testified that they had never searched their cell phones for communications to, from, or about Hanley. Then, following a break during which Young and Rivas conferred with defendants' counsel, they testified in response to questioning by defendants' counsel that they had previously retained, located, and turned over to defendants' counsel all communications concerning Hanley that they had in their possession. Later, on reexamination by Hanley's counsel, Young testified that defendants' counsel had only instructed him to retain the relevant communications. And Rivas authenticated text messages about Hanley that had been sent to Rivas but had never been produced by defendants.

Hanley complains that defendants failed to comply with her requests for production and coached their witnesses to conceal the omission. She therefore moves the court to: amend the scheduling order; stay all deadlines; strike all testimony related to whether defendants searched for any documents; reopen the depositions of Rivas and Young; issue a protective order barring defendants' counsel from communicating with their witnesses during depositions; order a forensic examination of the cell phones of Rivas and Young, at defendants' cost; and impose sanctions. Defendants oppose the motions, which the court is

deciding on the briefs, without oral argument.

## II

The court turns first to Hanley's January 31, 2025 motion to modify the scheduling order to extend the discovery deadline.[1]

## A

Fed. R. Civ. P. 16(b)(4) governs a party's request to modify a scheduling order. *Cartier v. Egana of Switz. (Am.) Corp.*, 2009 WL 614820, at *2 (N.D. Tex. Mar. 11, 2009) (Fitzwater, C.J.). "To modify the scheduling order, a party must demonstrate good cause and obtain the judge's consent." *Rodrigues v. US Bank Nat'l Ass'n*, 2021 WL 2077650, at *1 (N.D. Tex. May 24, 2021) (Fitzwater, J.). The good cause standard "require[s] the movant 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"[2] *Puig v. Citibank, N.A.*, 514 Fed. Appx. 483, 487-88 (5th Cir. 2013)

---

[1]Hanley requests in her February 25, 2025 motion that the court deny as moot her January 31, 2025 motion to extend the discovery deadline. The court declines to do so because, to entertain Hanley's untimely February 25, 2025 motion and grant the discovery-related relief she requests, the court must first modify the scheduling order to extend the discovery deadline. *See Fuller v. CIG Fin., LLC*, 2023 WL 6931342, at *2 (N.D. Tex. Oct. 19, 2023) (Fitzwater, J.) ("Many courts (including judges of this court) have held that discovery requests are untimely when, as here, they are served fewer than 30 days before the discovery deadline."); *Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 396-98 (N.D. Tex. 2006) (Ramirez, J.) (collecting authorities to the effect that discovery motions are governed by the discovery deadline).

[2]Although Hanley's briefing does not explicitly address the good cause standard, the court will not deny the motion for that reason because the grounds on which Hanley relies to establish good cause are relatively clear. *See, e.g., Nieves v. John Bean Techs. Corp.*, 2014 WL 2587577, at *2 (N.D. Tex. June 10, 2014) (Fitzwater, C.J.) ("[The movant] neither identifies the correct standard nor cites Rule 16(b)(4) in her brief, but the grounds on which

- 3 -

(per curiam) (quoting *S & W Enters., LLC v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003)).

In determining whether the movant has met its burden under Rule 16(b)(4), the court considers four factors: "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015) (alterations adopted). The court considers the four factors holistically and "does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012).

B

The court considers first Hanley's explanation for her failure to timely comply with the scheduling order.

Hanley explains that she failed to timely comply with the February 3, 2025 discovery deadline because she only learned of the instant discovery issue on January 23, 2025, and her

---

she relies enable the court to apply the pertinent four-factor test."); *Cartier*, 2009 WL 614820, at *2 ("[The movant] does not brief its motion under the Rule 16(b)(4) good cause standard or related case law, but the grounds on which it relies to establish good cause are relatively clear."); *but see Wachovia Bank, Nat'l Ass'n v. Schlegel*, 2010 WL 2671316, at *3 (N.D. Tex. June 30, 2010) (Fitzwater, C.J.) (citing *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *1 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012) (explaining that when a party moving to amend the scheduling order "does not address the good cause standard under Rule 16(b)(4), this court typically denies the motion for that reason alone").

lead counsel fell ill during the week of January 27, 2025.  Defendants respond that there is no bona fide discovery dispute, and, regardless, Hanley was not diligent.  They maintain that, "[d]espite ample opportunity to address these alleged issues both during the deposition and while the discovery period was open, [Hanley] unreasonably waited until right before [defendants'] motion for summary judgment was due."  Ds. Resp. (ECF No. 22) at 2.

The court finds that Hanley was reasonably diligent.  Even if she could have deposed Rivas and Young earlier in the discovery period, once she did depose them, this discovery issue arose.  Although the parties disagree about whether defendants fully complied with Hanley's requests for production, the record is clear that Rivas and Young equivocated about whether they have been asked to produce communications that mentioned Hanley.  At the time Hanley learned of defendants' apparent failure to comply with their discovery obligations, she had 11 days until the February 3, 2025 deadline to confer with defendants' counsel and possibly file a motion to compel.  But during the 11-day period, her lead counsel was so ill that he canceled three depositions scheduled for the week of January 27, 2025.  Still, he timely filed a motion to amend the scheduling order on January 31, 2025, and his co-counsel filed the other discovery motion just a few weeks later.

Accordingly, Hanley's explanation weighs in favor of granting her motion.

C

The court next assesses the importance of the modification.  Hanley contends that her requested extension is important "to ensure . . . a full and complete document production, [] that witnesses can be deposed in a manner sufficient to give all parties the opportunity to

- 5 -

prepare for summary judgment motions, and [] provide a reasonable period of time for the creation of deposition transcripts[.]" P. Mot. (ECF No. 16) at 2. The court agrees. The spirit of the Rules is to decide cases on the merits. *See Foman v. Davis*, 371 U.S. 178, 181 (1962); *see also* Rule 1. To that end, the scope of discovery, while not unlimited, is broad nonetheless. *See* Rule 26(b)(1). Parties have the right to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Id.* And that right is enforceable, such as through motions to compel the production of documents. *See* Rule 37(a)(3)(B)(iv). Here, it is reasonable for Hanley at least to question whether defendants have fully complied with her discovery requests as to key witnesses, such as the persons who she alleges discriminated against her. Permitting Hanley to pursue discovery within the scope of Rule 26(b)(1) is important. Accordingly, this factor weighs in favor of granting the motion.

D

Finally, under the third and fourth factors, the court considers the potential prejudice in allowing the modification and the availability of a continuance to cure such prejudice. The only potential unfair prejudice that the court can discern is the risk of delay. But the court has already continued the dispositive motions deadline, at defendants' request, to April 17, 2025. And Hanley is not requesting a continuance of the trial setting. Accordingly, these factors weigh in favor of granting the motion.

E

Applying the four factors holistically, the court concludes that Hanley has met her

- 6 -

burden to show good cause to modify the scheduling order under Rule 16(b)(4). When her lead counsel's illness coincided with his learning of the potential discovery dispute, he acted with diligence to move to amend the scheduling order and file the other motion reasonably soon thereafter. And Hanley has demonstrated that the importance of facilitating the resolution of her case on the merits outweighs the negligible risk of prejudice from any resulting delay.

Accordingly, the court grants Hanley's motion to amend the scheduling order and extends the discovery deadline to June 2, 2025.

### III

Having modified the scheduling order to extend the discovery deadline, the court now turns to Hanley's requests that the court stay all deadlines, strike all testimony related to whether defendants searched for any documents, reopen the depositions of Rivas and Young, issue a protective order barring defendants' counsel from communicating with their witnesses during depositions, order a forensic examination of the cell phones of Rivas and Young, and impose sanctions.

### A

"A trial court enjoys wide discretion in determining the scope and effect of discovery." *Sanders v. Shell Oil Co.*, 678 F.2d 614, 618 (5th Cir. 1982). Determining the proper remedy for resolving a discovery dispute is an exercise in proportionality; the court should impose only the least severe measures necessary to achieve the interests of justice. *See* Rule 16; Rule 37; *L. Funder, L.L.C. v. Munoz*, 924 F.3d 753, 758 (5th Cir. 2019) (per

curiam) (explaining that, for sanctions that do not end the litigation, "we broadly require the district court to determine the sanctions are 'just' and 'related to the particular "claim" which was at issue in the order to provide discovery'"), as revised (June 6, 2019); *cf. Dondi Props. Corp. v. Com. Sav. & Loan Ass'n*, 121 F.R.D. 284, 288 (N.D. Tex. 1988) (en banc) (emphasis added) ("Malfeasant counsel can expect instead that their conduct will prompt an *appropriate* response from the court[.]"). Resolution of cases on their merits is paramount. *See* Rule 1; *Foman*, 371 U.S. at 181.

B

Consistent with the foregoing standards, the court grants Hanley's request for a forensic examination of the cell phones of defense witnesses Rivas and Young, but denies at this juncture Hanley's remaining requests without prejudice. Without deciding whether or to what extent defendants complied with Hanley's requests for production, it is apparent that there is a bona fide dispute that warrants some investigation. The equivocations of deponents Rivas and Young about whether they were asked by defendants' counsel to produce communications relating to Hanley, coupled with the revelation of text messages that defendants did not produce, but that appear to fall within the scope of the requests for production at issue, at least raises the question whether defendants intentionally or unintentionally failed to fully comply with Hanley's requests. And that question merits some investigation. This is an employment discrimination action based on alleged harassment of Hanley by Rivas and Young. If there exist unproduced text messages about Hanley on the cell phone of Rivas or Young, their production may be relevant (perhaps highly relevant) to

the resolution of Hanley's claim on the merits.

The court therefore grants Hanley's request for a forensic examination of the cell phones of Rivas and Young. This examination is limited to text messages that include or reasonably relate to the words "Melandi," "Hanley," or "complain(ed)(t)." The parties are ordered to agree to and execute a protocol the governs the examination. The protocol must provide means by which (a) the cellular telephones will be packaged, shipped, and delivered to the forensic expert; (b) relevant, recoverable data will be recovered and produced, while irrelevant and/or privileged information will be segregated, logged, and withheld from production; (c) counsel of record will receive and review the recovered data; and (d) the privacy interests of Rivas and Young will be protected. The parties shall share the costs of the examination equally, without prejudice to any later motions requesting that these costs be shifted.

C

The court denies, however, Hanley's remaining requests. Apart from continuing the discovery deadline, the court cannot reliably revise other deadlines, at least until the forensic examination is concluded. The court therefore declines to stay all deadlines, without prejudice to amending these deadlines after the forensic examination is completed. A protective order barring defendants' counsel from communicating with their witnesses during depositions is inappropriate and unnecessary. *See Geders v. United States*, 425 U.S. 80, 89 (1976) (recounting "other ways to deal with the problem of possible improper influence on testimony or 'coaching' of a witness short of putting a barrier between client and counsel").

And without the results of the forensic examination, Hanley's requests that the court strike portions of the deposition testimony of Hanley and Rivas, reopen their depositions, and issue sanctions are premature. The court therefore denies these requests without prejudice to Hanley's raising them anew if the results of the forensic examination present a basis to seek the same or similar relief.

\*   \*   \*

For the reasons explained, the court grants Hanley's January 31, 2025 motion to amend the scheduling order and grants in part and denies in part Hanley's February 25, 2025 motion for a stay of all deadlines, the striking of certain deposition testimony, the reopening of certain depositions, a protective order, a forensic examination, and sanctions. The discovery deadline, including the deadline for all discovery motions, and the deadline for filing a joint status report are extended to June 2, 2025. And a limited forensic examination of the cell phones of defense witnesses Rivas and Young is ordered according to the terms specified in this memorandum opinion and order.

**SO ORDERED**.

April 2, 2025.

SIDNEY A. FITZWATER
SENIOR JUDGE

- 10 -